IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES, | No. C 10-3073 CW |
| Plaintiff, | ORDER DENYING MOTION TO STAY |
| v. | (Docket No. 32) |
| DELANO RETAIL PARTNERS, LLC, doing business as DELANO'S IGA MARKET #1; and ARTHUR S. BECKER, as Trustee of the ARTHUR S. BECKER REVOCABLE LIVING TRUST, | |
| Defendants. | |
| _____/ | |

Defendant Arthur S. Becker, Trustee of the Arthur S. Becker Revocable Trust, moves to stay the entire case based on the bankruptcy filing of his co-Defendant, Delano Retail Partners LLC. Plaintiff Craig Yates opposes the motion. Having considered the papers filed by the parties and their arguments at the hearing, the Court DENIES Becker's motion.

BACKGROUND

Plaintiff alleges that he is a person with physical disabilities and brings this action against Defendants for failure to remove architectural barriers at the Delano's Market in San Francisco, California, thereby denying him and others with physical disabilities access to, and full and equal enjoyment of, the grocery store on August 19, 2009, March 27, 2010, May 6, 2010, May 16, 2010 and June 6, 2010. Plaintiff asserts claims for injunctive relief and statutory damages under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101, et seq., the Unruh Civil Rights Act, California Civil Code §§ 51, 51.5,

1   California Health and Safety Code §§ 19955, et seq., and the
2   California Disabled Persons Act, California Civil Code §§ 54, 54.1
3   and 54.3.  The two Defendants are Delano Retail Partners, LLC, a
4   company which rents the property and operates the grocery store,
5   and Arthur S. Becker, Trustee of the Arthur S. Becker Revocable
6   Trust, the owner of the property and landlord to Delano Retail
7   Partners.
8        On February 10, 2012, Plaintiff filed a notice that Delano
9   Retail Partners had filed for bankruptcy and was entitled to an
10  automatic stay.  See Docket No. 33.
11       In a case management statement filed on February 15, 2012,
12  Plaintiff stated that Delano Retail Partners "had entered into an
13  injunctive relief agreement" with Plaintiff "to remove barriers
14  and in fact removed barriers."  Joint Case Management Statement,
15  Docket No. 34, 3.  Because "[t]he remedial repairs have been
16  completed," Plaintiff no longer seeks injunctive relief and seeks
17  only "statutory damages, attorneys' fees, costs and litigation
18  expenses."  Id. at 7.
19                             DISCUSSION
20       Becker seeks to have the bankruptcy stay that automatically
21  applied to Delano Retail Partners extended to stay the entire
22  action.  Becker argues that Delano Retail Partners is an
23  indispensable party to this action, because issues of Becker's
24  liability are "interwoven" with those of Delano Retail Partners'
25  liability, because Delano Retail Partners is contractually
26  obligated to indemnify Becker for these violations, and because
27  Becker is unable properly to defend itself without Delano Retail
28  Partners' participation.

2

"Ordinarily, . . . unless the assets of the bankrupt estate are at stake, the automatic stay does not extend to actions against parties other than the debtor, such as codebtors and sureties." United States v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993). Though it has neither explicitly adopted nor repudiated it, the Ninth Circuit recognizes that other "courts have carved out" a "limited exception[] to this general rule" in certain cases where "'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor.'" Id. at 1491 n.3 (citing A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986); In re Circle K Corp., 121 Bankr. 257, 259 (Bankr. D. Ariz. 1990); In re Family Health Service, 105 Bankr. 937, 943 (Bankr. C.D. Cal. 1989)). Some courts have recognized "an exception where the debtor is an indispensable party to the litigation." In re James Wilson Assocs., 965 F.2d 160, 170 (7th Cir. 1992).

However, Becker's potential liability is independent from that of Delano Retail Partners. The Ninth Circuit has recognized that a landlord has an obligation to comply with the ADA that is separate and independent from that of its tenant and that "a lease allocating liability between a landlord and a tenant does not affect either parties' liability with respect to third parties." Botosan v. Paul McNally Realty, 216 F.3d 827, 834 (9th Cir. 2000). In so holding, the court relied heavily on the Department of Justice's formal interpretation of the ADA regulations in its Technical Assistance Manual:

3

>     Both the landlord and the tenant are public
>     accommodations and have full responsibility for
>     complying with all ADA title III requirements applicable
>     to that place of public accommodation.  The title III
>     regulation permits the landlord and the tenant to
>     allocate responsibility, in the lease, for complying
>     with particular provisions of the regulation.  However,
>     any allocation made in a lease or other contract is only
>     effective as between the parties, and both landlord and
>     tenant remain fully liable for compliance with all
>     provisions of the ADA relating to that place of public
>     accommodation.
>
>     ILLUSTRATION: ABC Company leases space in a shopping
>     center it owns to XYZ Boutique.  In their lease, the
>     parties have allocated to XYZ Boutique the
>     responsibility for complying with the barrier removal
>     requirements of title III within that store.  In this
>     situation, if XYZ Boutique fails to remove barriers,
>     both ABC Company (the landlord) and XYZ Boutique (the
>     tenant), would be liable for violating the ADA and could
>     be sued by an XYZ customer.  Of course, in the lease,
>     ABC could require XYZ to indemnify it against all losses
>     caused by XYZ's failure to comply with its obligations
>     under the lease, but again, such matters would be
>     between the parties and would not affect their liability
>     under the ADA.

Id. at 833-34 (quoting Department of Justice, Technical Assistance Manual on the American With Disabilities Act § III-1.2000 (1994)). See also Hoewischer v. Terry, 2011 U.S. Dist. LEXIS 130330, at *7 (M.D. Fla.) ("The ADA makes the landlord and tenant of a place of public accommodation each individually responsible for any violations found on the leased property.  While a landlord and tenant may use the terms of their lease to allocate costs associated with the ADA between themselves, a lease cannot relieve a landlord of its underlying obligations under the ADA.").

Thus, Becker's liability for ADA violations is distinct from that of Delano Retail Partners, not derivative of it or inextricably intertwined with it.  Plaintiff was not required to name Delano Retail Partners as a Defendant in order to hold Becker responsible for the ADA violations.  Each may be held separately

4

liable for the violations found on the leased property.  While Becker may attempt to rely on his lease agreements to seek indemnification from Delano Retail Partners, these contracts does not affect his obligations as to Plaintiff, a third party.

Further, the possible existence of an indemnification agreement does not make Delano Retail Partners an indispensable party.  Courts have consistently held that "a defendant's possible right of reimbursement, indemnity, or contribution against an absent party is not sufficient to make the absent party indispensable to the litigation."  SASCO v. Byers, 2009 U.S. Dist. LEXIS 36886, at *7-8 (N.D. Cal.) (citing Nottingham v. Gen. Am. Commc'ns Corp., 811 F.2d 873, 880 (5th Cir. 1987); Field v. Volkswagenwerk A.G., 626 F.2d 293, 298 (3rd Cir. 1980)).  See also Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 838 (1989) (jointly and severally liable indemnitors are not indispensable parties under Federal Rule of Civil Procedure 19(b)); Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1054 (3d Cir. 1988) ("A defendant's right to contribution or indemnity from an absent . . . party does not render that absentee indispensable pursuant to Rule 19.").

Becker's argument that he will be prejudiced if he must go forward without Delano Retail Partners, because he "cannot obtain any discovery from Delano who operated the store" to "rebut Plaintiff's version of his alleged visits to the grocery store and the barriers he allegedly encountered," Reply, at 2, is also unavailing.  Discovery can proceed against a bankrupt defendant to same extent as it can against any other non-party.  In re Miller, 262 B.R. 499, 504-05 (B.A.P. 9th Cir. 2001).  See also Lewis v.

5

Russell, 2009 U.S. Dist. LEXIS 41539 (E.D. Cal.) ("In general, parties may seek discovery from a debtor on matters related to claims against non-debtor parties.").

While Becker points to three cases for the proposition that "courts routinely extend the automatic stay to non-bankrupt landlords in ADA barrier cases when the tenant has filed for bankruptcy," Reply at 2, none of the stays in the cases he cited were issued over an objection from the plaintiff. In Goldkorn v. El Torito Restaurants, Inc., Case No. 11-1002 (C.D. Cal. 2012), the parties stipulated to extend the bankruptcy stay to the non-bankrupt defendant. See Stipulation for an Order to Stay the Entire Action and Vacate All Pending Dates and Deadlines, Docket No. 23. In Muegge v. Chevy Fresh Mex Santa Rosa, Case No. 10-4863 (N.D. Cal.), the plaintiff agreed that the entire action should be stayed because the injunctive relief sought against all defendants to that action would materially affect the bankruptcy estate of the bankrupt defendant. See Pl.'s Brief on the Acknowledged Effect of the Automatic Stay, Docket No. 48. See also Order re Bankruptcy Stay, Docket No. 50 (granting stay where the "parties are in agreement"). Here, injunctive relief is no longer an issue. In Crespo v. El Torito Restaurants, Inc., Case No. 11-2364, the court sua sponte stayed the entire case after being notified of the bankruptcy filing of one defendant, stating that the parties may file a motion "should they desire this matter placed back on active status." Order Removing Mater from Court's Active Caseload, Docket No. 17. The docket for the case reveals that the plaintiff did not file an objection or a motion to lift the stay as to any defendants. Becker has not established the

existence of any general rule that courts should routinely extend a bankruptcy stay applicable to a bankrupt tenant to non-bankrupt landlords in ADA barrier cases.

## CONCLUSION

For the reasons set forth above, Becker's motion to stay the entire action is DENIED (Docket No. 32).

IT IS SO ORDERED.

Dated: 3/29/2012

CLAUDIA WILKEN
United States District Judge