United States District Court
For the Northern District of California

1           IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  CRAIG YATES,                          No. C 10-3073 CW

5           Plaintiff,                   ORDER GRANTING
                                         PLAINTIFF'S MOTION
6      v.                                FOR LEAVE TO AMEND
                                         (Docket No. 49)
7  DELANO RETAIL PARTNERS, LLC,
   doing business as DELANO'S IGA
8  MARKET #1; and ARTHUR S. BECKER,
   as Trustee of the ARTHUR S.
9  BECKER REVOCABLE LIVING TRUST,

10          Defendants.

11  _____/

12      Plaintiff Craig Yates moves for leave to file a first amended

13  complaint.  Defendant Arthur S. Becker, as Trustee of the Arthur

14  S. Becker Revocable Living Trust, opposes Plaintiff's motion.  The

15  motion was taken under submission on the papers.  Having

16  considered the papers filed by the parties, the Court GRANTS

17  Plaintiff's motion.

18                          BACKGROUND

19      Plaintiff initiated this case on July 13, 2010, against

20  Defendants Delano Retail Partners, LLC, a company which rents the

21  property and operates Delano's Market in San Francisco,

22  California, and Arthur S. Becker, Trustee of the Arthur S. Becker

23  Revocable Trust, the owner of the property and landlord to Delano

24  Retail Partners.  Plaintiff alleges that he is a person with

25  physical disabilities and brings this action against Defendants

26  for failure to remove architectural barriers at the Delano's

27  Market, thereby denying him and others with physical disabilities

28  access to, and full and equal enjoyment of, the grocery store on

United States District Court
For the Northern District of California

1   August 19, 2009, March 27, 2010, May 6, 2010, May 16, 2010 and

2   June 6, 2010.   Plaintiff asserts claims for injunctive relief and

3   statutory damages under the Americans with Disabilities Act of

4   1990 (ADA), 42 U.S.C. § 12101, et seq., the Unruh Civil Rights

5   Act, California Civil Code §§ 51, 51.5, California Health and

6   Safety Code §§ 19955, et seq., and the California Disabled Persons

7   Act, California Civil Code §§ 54, 54.1 and 54.3.

8        On February 10, 2012, Plaintiff filed a notice that Delano

9   Retail Partners had filed for bankruptcy and was entitled to an

10  automatic stay.   See Docket No. 33.

11       In a case management statement filed on February 15, 2012,

12  Plaintiff stated that Delano Retail Partners "had entered into an

13  injunctive relief agreement" with Plaintiff "to remove barriers

14  and in fact removed barriers."   Joint Case Management Statement,

15  Docket No. 34, 3.   Because "[t]he remedial repairs have been

16  completed," Plaintiff no longer seeks injunctive relief and seeks

17  only "statutory damages, attorneys' fees, costs and litigation

18  expenses."   Id. at 7.   Plaintiff also stated that he intended to

19  "amend the complaint to name Ralphs Grocery Company which was not

20  disclosed in Rule 26 and for post complaint visits where he

21  encountered barriers."   Id. at 4.

22       On March 22, 2012, the Court held an initial case management

23  conference.   Minute Order and Case Management Order, Docket No.

24  46, 1.   At the case management conference, the Court directed

25  Plaintiff to provide a copy of his proposed amended complaint to

26  Becker by April 5, 2012 to allow Becker to determine if he would

27  stipulate to the amendment.   Id.   The Court ordered that, if he

28

2

**United States District Court**
For the Northern District of California

1   was unable to obtain a stipulation, Plaintiff was to file his

2   motion for leave to amend the complaint by April 12, 2012.  Id.

3       On April 3, 2012, Plaintiff's counsel emailed a copy of his

4   proposed first amended complaint to Becker and requested that

5   Becker stipulate to its filing.  Frankovich Decl. in Supp. of Ex

6   Parte Appl. ¶ 2, Docket No. 55.

7       On April 12, 2012, having received no response from Becker,

8   Plaintiff filed the instant motion for leave to amend.  Id. at

9   ¶ 3; Docket No. 49.

10      On April 26, 2012, Becker filed an opposition to Plaintiff's

11  motion, noting, among other things, that Plaintiff had not filed

12  his proposed amended complaint in the docket of the case.  Docket

13  No. 51.

14      On April 27, 2012, Plaintiff filed his proposed first amended

15  complaint.  Docket No. 52.

16      On May 2, 2012, Plaintiff filed an ex parte application to

17  continue the hearing on his motion for leave to amend and to

18  extend the time for Becker to respond.  Docket No. 54.  In the

19  application, Plaintiff noted that, while he had sent a copy of the

20  proposed first amended complaint to Becker on April 3, he had

21  inadvertently failed to file it with his motion.  Id.

22      On May 4, 2012, the Court granted Plaintiff's ex parte

23  application.  Docket No. 57.

24      On May 16, 2012, Becker filed a revised opposition to

25  Plaintiff's motion.  Docket No. 59.

26      On May 24, 20120, Plaintiff filed his reply to Becker's

27  revised opposition.  Docket No. 60.

28

**United States District Court**
For the Northern District of California

1                            LEGAL STANDARD

2       Federal Rule of Civil Procedure 15(a) provides that leave of

3  the court allowing a party to amend its pleading "shall be freely

4  given when justice so requires."  Because "Rule 15 favors a

5  liberal policy towards amendment, the nonmoving party bears the

6  burden of demonstrating why leave to amend should not be granted."

7  Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529, 530-531

8  (N.D. Cal. 1989) (citing Senza-Gel Corp. v. Seiffhart, 803 F.2d

9  661, 666 (Fed. Cir. 1986)).  Courts consider five factors when

10 assessing the propriety of a motion for leave to amend: undue

11 delay, bad faith, futility of amendment, prejudice to the opposing

12 party and whether the plaintiff has previously amended the

13 complaint.  Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051,

14 1055 n.3 (9th Cir. 2009).  Delay is "not alone enough to support

15 denial."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,

16 1079 (9th Cir. 1990).

17                             DISCUSSION

18      Becker first argues that Plaintiff's motion for leave to

19 amend should be denied, because he failed to state exhaustively

20 and with particularity in his motion the additional allegations

21 that he sought to add to his complaint, in violation of Rule 7.

22      In relevant part, Rule 7(b)(1) requires that a motion must

23 "state with particularity the grounds for seeking the order; and

24 state the relief sought."  Federal Rule of Civil Procedure

25 7(b)(1).  "The purpose of the particularity requirement in Rule 7

26 is to afford notice of the grounds and prayer of the motion to

27 both the court and to the opposing party, providing that party

28 with a meaningful opportunity to respond and the court with enough

                                 4

**United States District Court**
For the Northern District of California

1   information to process the motion correctly." <u>Registration</u>

2   <u>Control Systems, Inc. v. Compusystems, Inc.</u>, 922 F.2d 805, 807

3   (Fed. Cir. 1990).  The requirement "should not be applied in an

4   overly technical fashion when the purpose behind the rule is not

5   jeopardized."  <u>Hinz v. Neuroscience, Inc.</u>, 538 F.3d 979, 983 (8th

6   Cir. 2008) (internal citations and quotations omitted).  <u>See also</u>

7   <u>Feldberg v. Quechee Lakes Corp.</u>, 463 F.3d 195, 197 (2d Cir. 2006)

8   ("The particularity requirement is flexible and has been

9   interpreted liberally by the courts.") (internal citations and

10  quotations omitted).  Courts generally consider "whether any party

11  has been prejudiced by the movant's lack of particularity and

12  whether the court can comprehend the basis of the motion and deal

13  with it fairly."  5 Wright & Miller, <u>Federal Practice and</u>

14  <u>Procedure</u> § 1192.  <u>See also</u> 2 James Wm. Moore, <u>Moore's Federal</u>

15  <u>Practice</u> § 7.03[4][a] ("Motions worded very generally have been

16  found sufficiently particular when the opposing party had notice

17  of the specific basis for the motion").

18      Although Plaintiff did not directly state in his motion that

19  he sought leave to amend his complaint to add violations that

20  occurred on dates not previously specified, he provided sufficient

21  notice thereof to Becker and to the Court to allow Becker a fair

22  and meaningful opportunity to oppose the motion and to allow the

23  Court to address it adequately.  Prior to filing his motion,

24  Plaintiff clearly stated in the parties' joint case management

25  statement that he intended to amend the complaint to add

26  allegations related to additional visits to the grocery store.  He

27  provided Becker a copy of the proposed amended complaint prior to

28  filing his motion, more than three weeks before the original

**United States District Court**
For the Northern District of California

1  deadline for Becker to file his opposition.  Further, Becker was

2  allowed an additional opportunity to oppose the motion after the

3  proposed amended complaint was filed in the docket of this case.

4  Accordingly, the Court rejects Becker's argument that the instant

5  motion fails in whole or in part under Rule 7.

6      Becker further contends that Plaintiff's motion impermissibly

7  discloses confidential statements made in mediation in violation

8  of the standard confidentiality agreement signed by the parties in

9  connection with mediation through the Court's Alternative Dispute

10 Resolution (ADR) program.  Becker states that Plaintiff has

11 disclosed confidential information in his present motion by

12 stating that he "learned by unorthodox means that Ralph's Grocery

13 Store is supposedly the holder of the master lease," because he

14 learned this during a conversation in mediation.  Revised Opp. at

15 4.

16     In the confidentiality agreement, the parties agreed "that

17 they shall treat as 'confidential information' anything that

18 happened or was said in connection with the ADR session," and that

19 such information would "not be disclosed to the assigned judge,

20 and shall not be used for any purpose, including impeachment in

21 any pending or future purpose," subject to certain exceptions in

22 the ADR Local Rules.  Chilleen Decl., Ex. A.  However, the parties

23 further agreed "that evidence admissible or subject to discovery

24 or disclosure shall not be inadmissible or protected from

25 disclosure solely by reason of its introduction or use" in

26 mediation.  Id.  That Ralph's Grocery is an interested party and

27 the actual leaseholder is a required disclosure.  See, e.g.,

28 Federal Rule of Civil Procedure 26(a)(1)(A); Civil Local Rule

**United States District Court**
For the Northern District of California

1  3-16(b); Standing Order for All Judges of the Northern District of

2  California ¶ 19.  Thus, that this fact was first disclosed at a

3  mediation session, instead of in the form that it should have been

4  disclosed, does not create an absolute bar to Plaintiff referring

5  to it.

6      Becker also argues that the proposed amendments were made in

7  bad faith and are futile, because Plaintiff has not removed his

8  demand for injunctive relief from his amended complaint, although

9  Plaintiff has acknowledged that remedial repairs have been

10  completed and that he is no longer asking the Court to award such

11  relief.  The request for injunctive relief is in the original

12  complaint, see, e.g., Compl. ¶¶ 25, 44, 62, and is not added by

13  the amendment.  Thus, Defendant has not established that any

14  amendment to the complaint would be in bad faith or futile.

15  Further, Plaintiff has adequately explained his desire to maintain

16  the allegations related to injunctive relief in that they are

17  material to, and incorporated into, his continuing claims for

18  attorneys' fees under the ADA and for damages and attorneys' fees

19  under state law.

20      Finally, Becker contends that amendment would unduly

21  prejudice him.  Becker first argues that it would prejudice him to

22  have to defend against the request for injunctive relief; however,

23  again, this request is not added by the proposed amendment and

24  would exist in the complaint, even if leave to amend were denied.

25  Becker does not explain how any allegation added to the complaint

26  would increase his discovery burdens.  While Plaintiff concedes

27  that amendment would likely require amendment of the scheduling

28  order to allow the new defendant to conduct discovery, any

7

prejudice from the possible adjustment of case management

deadlines is outweighed by the additional time and expense that

would ensue if Plaintiff filed a new lawsuit against Ralph's

Grocery arising out of the same events at issue here.

CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's

motion for leave to file the first amended complaint (Docket No.

49).  Plaintiff shall file it forthwith and serve it as soon as

possible, but in no later than twenty-eight days.

The Court finds good cause to amend the case management

schedule as follows:

| Event | Date |
|---|---|
| Completion of fact discovery | September 6, 2012 |
| Disclosure of identities and reports of expert witnesses | August 8, 2012 |
| Completion of expert discovery | September 6, 2012 |

The Court maintains the other dates in the case management

schedule at this time, including the further case management

conference and hearing on case-dispositive motions, which are

scheduled to occur on October 25, 2012 at 2:00 p.m.

8

1    The Court will entertain a stipulation or a motion to change

2 the case management schedule, provided that opposing briefs on the

3 dispositive motions are filed in series as described in the case

4 management order, Docket No. 46, not contemporaneously, that the

5 parties' briefing is completed at least two weeks prior to the

6 hearing date, and that the hearing on the motions for summary

7 judgment takes place at least three months before the start of

8 trial.

9    IT IS SO ORDERED.

10 Dated:  6/28/2012

CLAUDIA WILKEN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

9