IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG YATES,<br><br>        Plaintiff,<br><br>   v.<br><br>DELANO RETAIL PARTNERS, LLC,<br>doing business as DELANO'S IGA<br>MARKET #1; ARTHUR S. BECKER, as<br>Trustee of the ARTHUR S. BECKER<br>REVOCABLE LIVING TRUST; and<br>RALPH'S GROCERY COMPANY,<br><br>        Defendants.<br>_____/ | No. C 10-3073 CW<br><br>ORDER DISMISSING<br>AS MOOT<br>PLAINTIFF'S<br>FEDERAL CLAIM,<br>DISMISSING<br>STATE-LAW CLAIMS<br>WITHOUT PREJUDICE<br>(Docket No. 81)<br>AND DENYING AS<br>MOOT PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT (Docket<br>No. 75) |

   Plaintiff Craig Yates moves for summary judgment on certain state-law claims he asserts against Defendants Arthur S. Becker, Trustee of the Arthur S. Becker Revocable Living Trust (Becker), and Ralph's Grocery Company.  Defendants oppose Plaintiff's motion and move for summary judgment on all of Plaintiff's state law and federal claims.  Plaintiff opposes Defendants' motion.  The Court took the motions under submission on the papers.  Having considered the papers filed by the parties, the Court dismisses Plaintiff's sole federal claim as moot and declines to exercise supplemental jurisdiction over the state-law claims.  The Court also denies as moot Plaintiff's motion for summary judgment.

BACKGROUND[1]

Plaintiff is a paraplegic who is a wheelchair user. Yates Decl. ¶¶ 6-7. On or about August 18, 2009, March 27, 2010, May 6, 2010, June 6, 2010, July 5, 2010, July 29, 2010 and September 3, 2010, Plaintiff went to Delano's Market in San Francisco, California to shop for groceries. Id. at ¶¶ 10-11.

On July 13, 2010, Plaintiff filed the instant lawsuit against Becker and Delano Retail Partners LLC alleging that, on the occasions before that date, he had difficulty accessing the store because of particular architectural barriers. Plaintiff subsequently amended his complaint with leave of the Court to add allegations related to later visits to the store and to name Ralph's Grocery as an additional Defendant. Plaintiff asserts four claims: (1) denial of public access by a public accommodation in violation of the Americans with Disabilities Act (ADA); (2) denial of full and equal access in violation of California Civil Code §§ 54, 54.1 and 54.3; (3) denial of accessible sanitary facilities in violation of California Health and Safety Code § 19955, et seq.; and (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq.

Becker is the owner of the subject property, including the grocery store and the parking lot. Decl. of Stephen C. Becker (Becker Decl.) ¶ 2. Becker leased the grocery store to Cala Foods, a company related to Ralph's Grocery, which, beginning in 2007, subleased its interest to Delano. Id. at ¶ 4.

---

[1] Because the Court decides the motions without considering evidence to which Defendants have objected, Defendants' evidentiary objections are OVERRULED as moot.

2

On October 7, 2010, Plaintiff entered into a settlement agreement with Delano to resolve its claims for equitable relief against it. Frankovich Decl. ¶ 1, Ex. A. Delano agreed to complete all renovations by January 31, 2011. Id. Plaintiff contends that the agreed renovations were completed. Pl.'s Reply and Opp. to Cross-Mot. at 3.

Becker's lease to Cala Food expired on December 31, 2010. Becker Decl. ¶ 4. Delano vacated the grocery store at the end of 2010 and the store has been closed since December 31, 2010. Id. at ¶¶ 3, 5. At the time of closing, Becker had no prospective tenants and the store was to close indefinitely. Id. at ¶ 5. The store remains closed today. Id. at ¶ 3.

On July 19, 2011, Delano filed for bankruptcy and subsequently this case was stayed against it. Docket No. 33; see In re DeLano Retail Partners, Case No. 11-37711 (Bankr. E.D. Cal.).

Briefing on the instant cross-motions for summary judgment was completed on October 11, 2012.[2]

---

[2] Defendants object to Plaintiff's late reply in support of his motion for summary judgment and opposition to the cross-motion for summary judgment and request that the Court strike it.

On September 13, 2012, Plaintiff filed his motion for summary judgment. Under the schedule set in the case management order, Defendants' brief supporting their opposition and cross-motion for summary judgment was due by September 27, 2012, Plaintiff's brief in reply and opposition to the cross-motion was due by October 4, 2012 and Defendants' reply was due by October 11, 2012.

On September 27, 2010, Defendants filed their opposition to Plaintiff's motion and their cross-motion for summary judgment, along with separate evidentiary and procedural objections.

3

DISCUSSION

Defendants move for dismissal of Plaintiff's claims for injunctive relief as moot because the grocery store has closed, and seek judgment that Plaintiff's claims for damages fail because he cannot establish a violation of the ADA or state law. Defendants ask, if the Court does not grant summary judgment in their favor on the damages claims, that the Court instead dismiss the state-law claims for lack of supplemental jurisdiction over them. Plaintiff concedes that his sole federal claim for injunctive relief under the ADA has been rendered moot through the settlement agreement with Delano. Pl.'s Reply and Opp. to Cross-Mot. at 5. Accordingly, the Court GRANTS Defendants' motion for dismissal of Plaintiff's ADA claim as moot.

Because the "jurisdictional questions ordinarily must precede merits determinations in dispositional order," Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431 (2007), the Court considers first the issue of supplemental jurisdiction over

---

On October 3, 2012, the Court struck Defendants' separate objections for violation of Civil Local Rule 7-3(a). At that time, the Court gave Defendants leave to file an amended opposition. They did so on October 4, 2012, the date on which Plaintiff's brief in reply and opposition to the cross-motion was due.

Plaintiff then filed his brief in reply and opposition to the cross-motion on October 9, 2012.

Because the Court reaches the same result irrespective of the arguments presented in Plaintiff's brief in reply and opposition, because the Court allowed Defendants leave to remedy their own failure to comply with the filing requirements, and because Defendants' amended brief supporting their opposition and cross-motion was filed on the same date that Plaintiff's brief in reply and opposition to the cross-motion was originally due, the Court OVERRULES Defendants' objection.

4

the state-law claims before reaching their merits.  Plaintiff argues that, although his only federal claim is admittedly moot, the Court should not decline to exercise supplementary jurisdiction over the remaining state-law claims under 28 U.S.C. § 1367.  Id. at 4-5.

Where a district court has original jurisdiction over some claims, it also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  However, a court may nonetheless

> decline to exercise supplemental jurisdiction over a claim under subsection (a) if--
>
>     (1) the claim raises a novel or complex issue of State law,
>
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "[W]hile discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367, it is informed by the [United Mine Workers v. Gibbs, 383 U.S. 715 (1966),] values of 'economy, convenience, fairness, and comity.'"  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

Here, although Plaintiff disputes whether multiple conditions under § 1367 are present here, he concedes at least one.  Pl.'s Reply and Opp. to Cross-Mot. at 5.  The Court has dismissed the

5

sole claim over which it has original jurisdiction. One condition is sufficient to trigger the discretion to exercise supplemental jurisdiction. See, e.g., Acri, 114 F.3d at 1001. Thus, the Court has discretion to decline to exercise supplemental jurisdiction.

As to judicial economy, convenience, fairness, and comity, Plaintiff argues that the refiling in state court will delay his relief and cause inconvenience and expense to the parties. In the case at hand, these factors are not strong. Any delay in achieving further relief is not burdensome here. The subject business has closed, Plaintiff's demand for injunctive relief is moot and the only remaining issue is whether he should recover statutory damages. Although Plaintiff may incur additional attorneys' fees to prosecute the remaining claims in state court, if these claims are determined to be meritorious, he may be able to recover these fees from Defendants. Defendants have not complained of any potential inconvenience or expense that they may experience or for which they ultimately may be held liable.

Further, any inconvenience to the parties is outweighed by other factors. All federal matters have been resolved and only state matters remain, so comity strongly favors dismissal. The Court has not considered the merits of the claims, and thus the interest of judicial economy does not tip the balance in favor of retaining these claims here. Finally, the Ninth Circuit has repeatedly upheld the district court's exercise of its discretion to decline supplemental jurisdiction over remaining state claims after it granted summary judgment on the federal claims. See, e.g., Oliver v. Ralphs Grocery Co., 654 F.3d 903, 911 (9th Cir. 2011) (upholding district court's decision to decline to exercise

6

supplemental jurisdiction over state-law claims after granting the defendants summary judgment on the plaintiff's ADA accessibility claim); see also Sanford v. MemberWorks, Inc., 625 F.3d 550, 561 (9th Cir. 2010) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

Accordingly, the Court concludes that the balance of factors tips against retaining the state-law claims and dismisses these claims without prejudice.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES AS MOOT Plaintiff's ADA claim and DISMISSES his state law claims without prejudice (Docket No. 81). Plaintiff's motion for summary judgment is DENIED as moot (Docket No. 75).

IT IS SO ORDERED.

Dated: 10/17/2012

CLAUDIA WILKEN
United States District Judge